MUMFORD v. ROCK SPRINGS GRAZING ASS'N.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1919.)

No. 5348.

1. INJUNCTION $\Longleftrightarrow$34—RIGHT TO RESTRAIN ACCESS TO PUBLIC LANDS FOR GRAZING PURPOSES OVER DEFENDANT'S LAND.

Complainant sheep owners *held* not entitled to injunction to restrain defendant, the owner of odd-numbered sections of tract of grazing land, the even-numbered sections being unoccupied public land, from interfering with complainants in driving and grazing their sheep on its lands while going to and from the government sections, where it was shown that there were numerous highways across the tract in different directions, that the section and quarter corners were plainly marked by steel posts, and that defendant had not interfered with the driving of the sheep over its lands to reach the government sections, but had freely given permits for the same, conditioned on payment of a reasonable price for the grass consumed from its lands.

2. INJUNCTION $\Longleftrightarrow$11—GROUNDS OF RELIEF AGAINST EXERCISE OF LAWFUL RIGHTS OF LANDOWNER.

A court of equity will not interfere to enjoin an owner of lands from exercising his lawful rights as owner, nor from doing that which admittedly is wrong, unless it is first shown that the wrong has been threatened, and that it is his intent to carry the threat into effect, to the irreparable injury of complainant.

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

Suit in equity by J. W. Mumford, for himself and others in common interest with him, against the Rock Springs Grazing Association. Decree for defendant, and complainant appeals. Affirmed.

Barnard J. Stewart, of Salt Lake City, Utah (Daniel Alexander, of Salt Lake City, Utah, on the brief), for appellant.

John W. Lacey, of Cheyenne, Wyo. (T. S. Taliaferro, Jr., of Rock Springs, Wyo., and Herbert V. Lacey, of Cheyenne, Wyo., on the brief), for appellee.

Before CARLAND and STONE, Circuit Judges, and ELLIOTT, District Judge.

ELLIOTT, District Judge. By bill in equity appellant seeks to enjoin the appellee, its agents, representatives, etc., from in any man-

ner interfering with or depriving the appellant and others in common interest with him from passing to and from the unoccupied public domain of the United States with their sheep and other live stock, within the area referred to in the bill, and to enjoin the appellee from interfering with or depriving the appellant and others from passing over appellee's lands in moving their stock to and from and upon the said public domain. Appellant asks that it be decreed that he and others in common interest with him have the right, as licensees of the government of the United States, to pass to and from and over the unoccupied public domain of the United States within the area described in the bill, and that, when necessary in order to go upon the public domain, they shall have the right to pass over the lands owned or controlled by the appellee, and in the event appellee shall fail to point out with sufficient certainty the boundary lines of the lands so owned and controlled by appellee, adjoining or alternating the even-numbered sections of land, unoccupied public domain within the said area, and shall fail to designate a reasonable trail, path, or right of way through its lands along which appellant and others in common interest with him may drive or trail their sheep in passing to and from the public domain, then that the appellant and others in common interest with him shall have the right to select a reasonable path or way for the trailing of their sheep, and that if the boundary lines of the land so owned and controlled by the appellee shall not be designated and marked with reasonable certainty, so that the boundaries thereof can be readily located by the sheep growers desiring to cross and to graze the public domain within the said area, then it shall be decreed that appellant and others in common interest with him shall have the right to go upon the public lands and graze the same without liability to the appellee for trespass or otherwise for passing over and grazing the lands of appellee, and that the appellee, its agents, etc., be enjoined from prosecuting civil actions for trespass or otherwise intimidating, harassing or otherwise injuring the appellant and others in common interest with him or causing them expense because of their grazing the said unoccupied public domain and the lands of the defendant association within said area.

The bill is so voluminous it cannot be set forth in substance. Suffice it to say that the appellant by proper allegations sets forth and alleges jurisdictional facts, and that the appellant and other persons for whom the action was brought had been and are now the owners of large numbers of sheep; that they were and are engaged in the live stock business, are dependent upon the unoccupied public domain of the United States in the locality referred to in the bill for the grazing of their sheep, and are now grazing their sheep on the unoccupied public domain in Sweetwater county, Wyo., abutting and alternating the lands now leased and controlled by the appellee, described in the bill, except when interfered with by the appellee, its agents, etc., as set forth in the bill.

It is then alleged that the appellee is the owner of all odd-numbered sections, and sections 16 and 36, approximating 316,000 acres, for a distance of 20 miles north and south and 50 miles east and west; that

said even-numbered sections, except 16 and 36, alternating the odd-numbered sections within the area referred to therein, are practically all unoccupied public domain, and have an area of approximately the same number of acres—the odd-numbered sections owned by appellee and the even-numbered sections of unoccupied public domain being located alternately like the squares of a checkerboard. The appearance of the entire area is as nature left it, is that of a common, and peculiarly adapted and almost exclusively used for the grazing of sheep. It is further alleged that the appellee in the past has and now uses both its private lands and the public lands within the area as a common, without distinction as to use, and without attempting to physically separate the use and designate by mark, sign, or otherwise the boundary of either the government lands or its lands; that appellee has in the past and is now preventing and denying the appellant and others access to and upon all the public domain within that area, and because of the vast area of land so controlled, and the few limited highways leading across the same, the nature and character of the country, and its adaptability exclusively for grazing, it is impossible to trail the bands of sheep from the public domain on the south to the public domain on the north, or to and from the public lands within the area described, without passing over and upon the lands of the appellee.

It is further alleged that for many years past, and particularly in February, March, and April, 1916, the appellee asserted the right to prevent the appellant and others from passing over said odd-numbered sections or any portion thereof, with their sheep, and from going to and from the unoccupied public domain for the purpose of grazing the public domain, and has asserted and asserts the right to prevent, and does prevent, access to or passage over the odd-numbered sections owned by appellee, thereby obstructing and preventing free passage over and access to the public domain of the United States, in violation of Act Feb. 25, 1885, c. 149, 23 Stat. 321 (Comp. St. §§ 991 [21], 4997–5002).

It is further alleged that appellee for years past, and particularly at and just prior to the commencement of the action by force of arms, intimidation, fear, and threats of prosecution, and the institution of suits against the appellant and others in common interest with him, prevented the use and denied the right of access to and use of the said public domain within said area, and has prevented and is now attempting to prevent the appellant and others from going upon or trailing over or using the public domain within said area, and by said unlawful means is appropriating to its own use all of the public domain within said area; has obstructed and is obstructing passage over, to, and from the same, with the intent of appropriating to itself the exclusive use of said public domain, and depriving the public generally of access thereto or use thereof, and has thereby monopolized and is monopolizing the public domain; that appellee plowed a furrow around the outer boundary of said area, designating a mark called the "dead line," which appellee represented to the public as the line to which the public and stock growers might go, and no further, in grazing the public domain, and in order to prevent the crossing of said furrow by stockmen grazing the public lands, appellee is now keeping guards or riders along

said line, armed with deadly weapons, acting under the instructions of and as agents for the appellee; that they notified the appellant and others that, if stock were driven across or permitted to cross said furrow, all persons so driving the stock would be subject to criminal prosecutions, and that civil prosecutions would be filed against them; that by such conduct and procedure and threats appellee has prevented and is preventing the appellant and others from going upon, occupying, and using the public domain within said area. Appellant further alleges that appellee has in the past leased the right to graze the whole of said area during the winter season of each and every year, and intends in the future to lease the same, and charge large sums of money, the effect of which is to compel grazers to pay appellee for grazing the public domain.

It is also alleged that in the month of January, 1916, appellant grazed his sheep on unoccupied public domain of the United States through and onto said area for the purpose of bringing his sheep in close proximity to the railroad, where appellant might procure shipment, for their subsistence, of corn and hay, held his sheep thereon and fed them a stated period, and then drove them back through said area, and was thereafter sued by appellee for the value of the grasses so utilized by appellant upon the lands of the appellee. It is then alleged that this action was brought in bad faith, and that the same was sham and frivolous, and that the real purpose of said action was to prevent the appellant and others from further exercising their rights as licensees of the government to use and occupy the public domain within said area.

Thereupon the appellee answered, with specific denials of the material allegations of the bill of complaint, but admitting the jurisdictional facts, and the ownership of the odd-numbered sections and even-numbered sections 16 and 36. Appellee alleges that there are numerous highways leading in different directions across the area, affording easy means of going from north to south and from east to west across said lands, and easy means of going from any point to another point across or over said lands; that the plaintiff and others for whom he is acting has and have always demanded of the appellee, and claimed the right, to drive his or their sheep across and graze the lands of appellee in any direction, and that the method of the appellant has not been to drive his sheep within the limits of any way across the appellee's lands, or any section of the same, but to spread them out, so as to occupy a space from half a mile to a mile wide, and then slowly to graze the sheep across each section of appellee's lands, consuming the grass and herbage thereon entirely, thus in driving the sheep from east to west and west to east over and across the lands of the appellee to consume all of the grass and herbage on appellee's lands within said area, and to compel appellee to permit them so to do without any compensation to appellee therefor, to appellant's benefit and to the wrongful injury and damage of the appellee; that appellant and others pretend that it is impossible to drive their sheep to any section of land belonging to the United States without spreading them out in the manner and in the width named, and permitting them slowly to graze across the adjoining lands in flocks and herds, that it is impossible to keep

them from consuming the grasses on the land of the appellee in obtaining access to any particular section of land belonging to the United States, and that appellee has no right to prevent such use of its said lands, or to prevent such consumption of the grass and forage growing upon its lands, or to demand any recompense for the loss sustained by appellee thereby.

Appellee specifically alleges that it has at all times offered to permit the appellant and those for whom he assumes to act to pass freely over each and every section of the lands of the appellee, provided, only, that the appellant and others should each obtain such permission, paying to appellee the value of the grass on the lands of appellee consumed and destroyed by the sheep in so passing over its lands, specifically denying that it has ever in any wise made any demand on the appellant, or any one else, except as above stated. Appellee alleges that it has the right to protect and preserve for its use and the use of its live stock and the live stock of its shareholders such grass and herbage on its own lands as are valuable for the nurture and fattening of live stock. Appellee alleges that the appellant or others have no right to graze large bands of sheep across the appellee's lands, and that to do so to the extent claimed by appellant would necessarily be destructive of the entire title of appellee to each and every section and portion of each section of its said lands, alleging that the grass and herbage growing upon such area is of a kind peculiar to the region, highly nutritious, and very valuable for the support, nurture, and fattening of live stock; that when it is grazed over and denuded once in any year, it will not reproduce itself in that year, and a single grazing over a particular portion in any year makes it impossible to further pasture or graze the same land for that year.

Appellee specifically denies that it ever had any intention or purpose to prevent the appellant or any one from grazing their live stock on the public domain of the United States, or from going to or from the same, and denies any intent or purpose to appropriate to itself for its own use and benefit the grass, feed, and forage growing upon the public domain within the said area; specifically denying that it ever prevented, or is now through force of arms or intimidation, fear of threats, or prosecution, or the institution of suits or otherwise, attempting to prevent the appellant or any person whomsoever from going upon or trailing over or using the public domain, or any of it, either within said area or elsewhere; denying that it ever used any unlawful means in or about the matters involved, or that it has appropriated or is appropriating to its own use the public domain of the United States within said area, or that it is obstructing or ever has obstructed passage over, to, or from the same, or that it has ever by any conduct or in any manner or method of procedure or by threats of violence monopolized or is now monopolizing the public domain or any part thereof within said area.

In the answer appellee also denies the allegations of appellant as to the facts out of which the suit arose, and alleges in substance that the action was brought for the grass and herbage appropriated by the appellant upon the lands of appellee during an extended period, while

appellant was holding his sheep and feeding them hay and corn shipped on the railroad for that purpose, specifically alleging that said suit was brought in good faith, was not sham, but was brought for the enforcement of demands made by appellee in good faith for the willful trespass upon its premises. Appellee specifically denies that it threatened or ever has threatened to control or occupy the public domain, or in any manner obstruct or prevent access to or passage to and from the same, either by intimidation, threats of violence, bringing actions for trespass, or otherwise. Appellee alleges that a decree in favor of the appellant, as asked for, would be without right, and would destroy the right of appellee in and to its lands within said area, causing the appellee irreparable injury and damage—praying that the appellant take nothing upon his bill of complaint.

The position of the respective parties is disclosed by the foregoing rather long reference to the issues made by the pleadings. The appellant attempts by this proceeding to establish a right to trail his sheep over and across and feed them upon the lands of the appellee in common with the lands of the United States, without hindrance on the part of the appellee, and without liability for the grass consumed. Upon the presentation of the rights of the appellant in this court, it was also insisted that the appellant and others similarly situated were entitled to a decree of right of way over and across the lands of appellee; also entitled to have a decree requiring the appellee to mark its lands, so they could be easily identified. This claim of right is based upon its allegation of force, threats, violence, and threats of bringing suits, etc., by the appellee against the appellant and others, and thus preventing and denying appellant and others the right to go over or across any of said lands. The contention of the appellee in short, is that it never has prevented or attempted to prevent, nor does it intend to prevent or to attempt to prevent, appellant from gaining access to the public domain, either by crossing the lands of appellee or otherwise.

[1] The issues of fact were by the trial court determined in favor of the appellee and against appellant, and these issues could not well have been determined otherwise, in the light of the record. Practically the undisputed evidence shows the appellee the owner of the odd-numbered sections and sections 16 and 36, within the area named in the bill of complaint; that it never at any time, by force, fraud, threats, or otherwise prevented any one from driving his stock onto, over, or across the said lands; that it did issue permits to those wishing to graze their stock over the said lands of the appellee upon the payment of a reasonable sum therefor; that it never exercised any right or in any manner assumed control of the government domain; that a permit was issued for the grazing of the sheep on the lands of the appellee, with a notice that the only lands claimed by appellee were the odd-numbered sections; that this privilege has never been denied any one making application therefor; that the appellant himself had such permits. The record sustains the trial court in its finding that the allegations of appellant with reference to range riders and the force and threats used by them were not sustained; that in driving sheep

over and across the lands in the usual way the sheep are subject to the will of those in charge, and are in no sense running at large, and are not out of the control of those having them in charge; that the lands in the area in question are distinctly and plainly marked by a steel post at each section and quarter corner and that these posts have markings that locate definitely each section, as well as the township and range in which it is located; that the posts are black, and the soil is light, and the result is that these stakes can be seen for a very long distance, standing a foot or a foot and a half above the grass; that there are numerous highways across the area in controversy in different directions, which afford access to different portions of the land and convenient passage across the area north and south and east and west, and intermediate directions; that sheep may be conveniently driven across this area in question in these various directions, or from different parts to other parts, along these highways; that the grasses grow in the summer, and ripen and make feed for the winter, and are valuable for the support and nourishment of live stock during the winter.

Upon the important question of preventing any one from passing over or driving or grazing sheep across the lands in controversy, the record clearly supports the finding of the trial court that appellee has not prevented or sought to prevent appellant or any one from driving over or grazing the area in question; the only demand that appellee has ever made of the appellant or any one else being that a nominal sum, fixed by appellee, be paid as the value of the grass and other herbage taken from the lands of appellee when so grazed.

The circumstances in the record reveal the good faith of the appellee in bringing action against the appellant for damages; its right to recover being dependent upon the truth of the allegations of its complaint. There is no pretense in this record of an attempt to sustain the claim of the appellant that the appellee denied appellant and those similarly situated a reasonable way of passage over its uninclosed lands upon demand. The record is entirely silent as to any demand by the appellant or other person that the appellee designate a right of way over and across the area in question.

The record sustains the finding of the trial court that the facts fail to show an intent on the part of the appellee to avail itself of the forage on the even-numbered sections in the area in question, except 16 and 36, or that it has ever made any use of those sections, or that it has ever made any claim of right or title to the possession of said government sections, or to the grass growing thereon.

Nothing that was said by this court in Mackay v. Uinta Development Co., 219 Fed. 118, 135 C. C. A. 18, states or implies that sheep owners, the appellant or others similarly situated, could deliberately take possession of the lands of the appellee, those lands being plainly marked as the court found, and pasture them with sheep under the direct supervision and absolute control of those in charge, and thus pasture the lands of the appellee without making compensation, particularly if appellant and those similarly situated do this against the will of the appellee, and under such circumstances as to show a deliberate in-

tent to obtain the benefit of appellee's pasturage. It is not even contended in this record that the trespass by the sheep of the appellant and others similarly situated, while under their control, upon the lands of the appellee, is an accidental trespass caused by straying. The situation would be very different if a cattle owner allowed his cattle to stray. By their habits cattle cover a large area, but even an owner of cattle is not permitted to deliberately drive them upon the lands of another, in order that they may feed there, and if he did so it could hardly be claimed that he would not be bound to pay a reasonable rental. Lazarus v. Phelps, 152 U. S. 85, 14 Sup. Ct. 477, 38 L. Ed. 363. There is, therefore, a distinction between deliberate purpose on the part of appellant and those similarly situated to graze the lands of the appellee and destroy the forage thereon, and the granting of a way over and across the lands of the appellee for the purpose of reaching the public domain.

There can be no question but the appellant in common with other persons has the right to the benefit of the public domain, and the courts will not enforce any rule of property in the appellee that will deny to the appellant and those similarly situated a reasonable way of passage over the uninclosed tracts of land of the appellee. Mackay v. Uinta Development Co., 219 Fed. 120, 135 C. C. A. 18. This record fails entirely to show that appellant demanded such a way over and across the lands of appellee to the lands of the United States, and therefore there is no denial of this right.

[2] A court of equity will not intervene to enjoin an owner of lands, either from exercising his lawful rights as owner or from doing that which admittedly is wrong, unless it is first shown that the wrong has been threatened, and that it is his intent and purpose to carry the threat into effect, and that the person complaining will be irreparably injured, unless he is enjoined from doing the thing complained of or threatened. This record, therefore, does not present a situation which involves much that has been said upon argument in behalf of the appellant.

A different situation would be presented, here, if the record disclosed appellant and others similarly situated in a position where it was necessary to drive sheep, in the control of those in charge, over the lands of the appellee to reach the government lands, that a demand had been made upon the appellee for a reasonable way, and that appellee had failed or refused to designate such reasonable ways; such refusal being accompanied by proof of threats preventing appellant and others similarly situated from designating and using such a reasonable way.

The entire contention of the appellant rests upon the assumption that the allegations of his bill have been sustained. A careful examination of the record confirms the finding of the trial court that appellant has failed in this respect.

The judgment of the trial court, dismissing the bill of complaint, with costs to appellee, is affirmed.