17 P.(2d) 552

**SACRA v. JONES.**

No. 3682.

Supreme Court of New Mexico.

Dec. 14, 1932.

J. C. Gilbert and J. B. McGhee, both of Roswell, for appellant.

Charles F. Fishback, of Ft. Sumner, and Carl A. Hatch and Perkins L. Patton, both of Clovis, for appellee.

WATSON, J.

Plaintiff, a stock raiser, sought injunction of the erection and maintenance of a fence, by means of which, as he alleges, defendant, also a stock raiser, excludes and will exclude him from public lands of the United States. From a final judgment dissolving the restraining order and denying relief, he has appealed.

By the first amended complaint appellant alleges ownership and leasehold rights in described lands, and possession and use thereof for stock raising; that a part of such lands is bounded on the east by a strip of public lands of the United States withdrawn from entry and constituted a stock driveway; that appellee has partially erected and threatens to complete a fence on the boundary line between such stock driveway and plaintiff's lands, whereby appellant is and will be excluded from such driveway and deprived of the use thereof for grazing and driving and moving his stock. He further alleges that appellee has not kept strictly to said boundary line and that in places the fence is on appellant's privately owned or possessed land.

A simple plat will show the situation. Unshaded portions represent the driveway; shaded portions appellant's lands; double lines the fence as erected and proposed.

It seems to have been considered that two causes of action were asserted: The one for excluding appellant from the public domain; the other for erecting a fence which trespassed slightly on appellant's land. Appellee demurred to both. As to the first, his position was that appellant's grazing right, being one enjoyed by the public in common, could not be protected by injunction; that the United States only could seek or have a remedy; and that the federal courts only could entertain its suit and afford a remedy. As to the second, his position was that there is a plain, speedy, and adequate remedy at law. He also contended that there is a misjoinder of causes of action.

The court sustained the demurrer in part, holding "that the plaintiff is not the proper

person to bring an action relating to the public domain, and * * * has no capacity with which to maintain such an action."

After answer to that part of the complaint left untouched by this ruling, and after hearing, the court found "that a few of the posts or post holes of the fence being constructed * * * are upon the land of plaintiff a few inches. * * * Considering the amount of plaintiff's holdings, this mere trespass is not an injury to plaintiff's lands and not destructive of his estate. It also appears that the trespass or offense is trivial."

Appellant here urges error both in the adverse ruling on the demurrer and in the denial of relief for the trespass found. Our conclusion on the first point obviates the necessity of considering the second.

Appellee seems to assume that the cause of action is based on the Act of Congress of Feb. 25, 1885, 23 Stat. c. 149, p. 321, 43 USCA § 1061 et seq., declaring it unlawful to inclose public lands, to assert exclusive rights therein, or to obstruct settlement thereon, providing penalties, and directing suits by district attorneys, in federal courts, to enjoin inclosures. He is perhaps somewhat justified in the assumption by the course of appellant's argument.

So assuming, he deals with the question somewhat summarily. He says that the statute does not apply in this case, since no inclosure of public lands is alleged. Even in a case of inclosure, he says, the right of action is expressly given to the United States, and impliedly withheld from individuals. He says that appellant's incapacity to sue, as held by the trial court, is demonstrated by Buford v. Houtz, 133 U. S. 320, 10 S. Ct. 305, 33 L. Ed. 618, and Healy v. Smith, 14 Wyo. 263, 83 P. 583, 116 Am. St. Rep. 1004.

In neither case cited was the right asserted to enjoin a use of public lands. The cause of action asserted in each was against trespass on private lands. The cases are not in point. We have come upon but two in which an individual attempted, as appellee assumes it is here attempted, to obtain injunction against interference with the grazing license common to the public in general.

Mumford v. Rock Springs Grazing Association (C. C. A.) 261 F. 842, went to a hearing on the merits and was decided on the facts. There is no hint of any infirmity of the plaintiff's right as a property right or as one enjoyed only in common with the public.

The Wyoming Supreme Court, however, has taken the position that the assertion by one licensee of exclusive rights in public lands constitutes an injury to the public, and that another licensee cannot have injunction to abate the nuisance unless he can show injury to himself, independent of the public injury, and differing from the injury to other licensees, not merely in degree, but in kind. Anthony Wilkinson Live Stock Co. v. McIlquam, 14 Wyo. 209, 83 P. 364, 3 L. R. A. (N. S.) 733.

If appellee's theory were correct, that this case involves merely the right of one grazing licensee to enjoin another who unlawfully excludes him from the enjoyment of his common right, the interesting questions suggest-

ed would arise. While we have given them some consideration, no conclusions need be recorded here. We think, however, that appellee's able counsel and the learned trial judge have misapprehended the real subject-matter of the suit, and the real right alleged to have been violated and sought to be protected.

The erection of the fence and its maintenance are the grounds of action. Appellee asserts no legal right to erect it. He claims merely that appellant cannot prevent it. He claims that, since there is no inclosure of public lands, he is not amenable to the federal statute, either criminally or civilly. We take that to be true for purposes of this case. Then it is merely a boundary fence between two proprietors, the United States and appellant. Either could lawfully erect it. Either proprietor, having the right to fence the boundary, has the correlative right, except as against the other, to have the boundary remain unfenced. This is the right that appellee has violated without shadow of right of his own. This is strictly a property right. It is an ordinary right of ownership. Also it is an individual right. It is not common to the public. Finally, the federal statute cannot conceivably have disqualified appellant from asserting it or the courts of this state from protecting it.

It is true that, as alleged, the particular damage suffered by appellant is the interference with his common grazing right. That does not alter the fact that the injury is to his right to fence, or to have unfenced, his own boundary line. The case does not involve the equal grazing licenses of the parties. It involves the boundary line of the property of appellant, in which appellee has no legal interest or concern. This completely distinguishes the case from the Wyoming case, supra, if the doctrine of that decision be deemed sound.

When the gist of this action is understood, it presents no difficulty. Decisions are numerous to the effect that neither the federal statute nor the governmental policy behind it interferes ordinarily with the right of the individual owner to fence his own land. It did not, of course, confer upon any one the right to fence the land of another. If it did, it conferred upon every licensee the right to fence the land of every other, and appellant, by fencing the east side of the driveway, may retaliate upon appellee, to their equal injury.

Misconception of the real nature of the right involved has led counsel for appellee into a peculiar position. Apparently guarding against a possible holding that appellee's act was unlawful as "the assertion of a right to the exclusive use and occupancy" of the driveway, they adduced, and here point to, evidence that the purpose was not to interfere with appellant's use of the driveway for grazing, but merely to prevent appellee's highly bred cattle from mixing with appellant's. The purpose is beyond criticism. But that does not justify the unlawful manner of effecting it. The law of the range contemplates mingling of herds. Segregation of his

own herd is every one's privilege; but to be accomplished by confining his own, not his neighbor's.

The judgment must be reversed. The cause will be remanded with a direction to overrule the demurrer, with leave to answer. It is *so ordered.*

BICKLEY, C. J., and SADLER and HUDS-PETH, JJ., concur.

NEAL, J., did not participate.